UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HARVEY DURR, JR.,

                Petitioner,                Case No. 1:09-cv-450

v.                                    Honorable Paul L. Maloney

KENNETH McKEE,

                Respondent.

_____

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Harvey Durr, Jr. was convicted by a Kalamazoo County jury of voluntary manslaughter, MICH. COMP. LAWS § 750.321, and being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f.  He was sentenced on November 29, 2006 as a third habitual offender, MICH. COMP. LAWS § 769.11, to respective terms of imprisonment of 14 years and 3 months to 30 years, and 4 years and 9 months to 10 years.

Petitioner was charged and tried on the offense of open murder for the shooting death of Terrance Mackeral in the parking lot of an apartment complex, where Mackeral's brother, Scott Shaver, was involved in a fistfight with Petitioner's friend, Michael Wilder.  It was undisputed that Mackeral obtained a baseball bat.  (2/14/08 Mich. Ct. App. Op. (MCOA Op.) at 2, docket #3-5 at 15.)  Some witnesses testified that Mackeral wielded the bat and indicated that he intended to hit Petitioner and Wilder.  Petitioner testified that he feared that if Mackeral introduced the bat into the fight, both he and his friend, Bruton, would have to join the fight to assist Wilder, despite being outnumbered by Shaver's associates.  (*Id.*)  When Shaver backed up, apparently to allow Mackeral to hit Wilder, Petitioner grabbed the bat.  According to Petitioner, Mackeral managed to hang onto the bat and turned on Petitioner, half-swinging the bat at him.  Petitioner urged Mackeral to calm down, but Mackeral continued to threaten.  Mackeral moved toward Petitioner with the bat, and Petitioner backed up.  As Mackeral swung at him, Petitioner tripped over Bruton, though he did not fall to the ground.  As he stumbled, Petitioner saw a gun.  He did not know where the gun came from, but he grabbed it and came up firing.  According to Petitioner, he fired the gun because Mackeral was trying to hit him in the head with the bat.  He did not see Mackeral's face as he fired, as he was ducking and trying to get away.  (*Id.*)  Petitioner testified that he was not angry at

Mackeral.  Instead, he asserted, "a different type of emotion what was going on."  (*Id.*)  Petitioner acknowledged, however, that his adrenalin was pumping.  He stated that he was not thinking about what the shots would do; he was just reacting to Mackeral's actions.  (*Id.* at 2-3.)

Although Petitioner defended the murder charge on a theory of self-defense, the trial court concluded that the jury also should be instructed on the lesser included offense of voluntary manslaughter.  Petitioner objected to the instruction.   Petitioner was acquitted of murder, but convicted of voluntary manslaughter.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising a single issue: the trial court abused its discretion and violated Petitioner's constitutional right to due process by instructing the jury on voluntary manslaughter.  The Michigan Court of Appeals affirmed Petitioner's convictions on February 14, 2008.  Petitioner sought leave to appeal to the Michigan Supreme Court.  The supreme court denied leave to appeal on May 27, 2008.  (5/27/08 Mich. Ord., docket #3-5 at 25.)

On June 9, 2008, Petitioner filed in the Kalamazoo County Circuit Court a motion for relief from judgment under MICH. CT. R. 6.502.  In his motion, he raised claims of prosecutorial misconduct and ineffective assistance of counsel.  The motion was denied on July 14, 2008 on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D).  (7/14/08 Cir. Ct. Ord., docket #3-5 at 44-47.) Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.  Both courts denied leave to appeal on the grounds of MICH. CT. R. 6.508(D).  The supreme court issued its order denying leave to appeal on March 23, 2009.  (3/23/09 Mich. Ord., docket #3-5 at 66.)

Petitioner filed his original habeas petition in this Court on May 18, 2009. In his petition, he raises only the issue presented in his direct appeal.

### **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699.  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

**Discussion**

Petitioner claims that the trial court erred by instructing the jury on the lesser

included offense of voluntary manslaughter over his objection.  In addressing the claim, the

Michigan Court of Appeals held as follows:

> "To show voluntary manslaughter, one must show that the defendant killed
> in the heat of passion, the passion was caused by adequate provocation, and there
> was not a lapse of time during which a reasonable person could control his passions."
> [*Mendoza*, 664 NW2d 664, 690.]  The provocation necessary to mitigate a homicide
> from murder to manslaughter is that which would cause a reasonable person to lose
> control and act out of passion rather than reason.  *People v Tierney*, 266 Mich App
> 687, 714-15; 703 NW2d 204 (2005).
>
> . . .
>
> Defendant concedes that the evidence arguably supported a finding that the
> provocation was adequate and that there was no lapse of time during which a
> reasonable person could control his passions, but argues that the evidence did not
> support a conclusion that he acted in the heat of passion or that he had a highly
> inflamed state of mind.  However, his testimony indicated that his adrenalin was
> pumping, that he "just reacted," and did not have time to think.  A rational view of
> the evidence could lead to the conclusion that defendant acted impulsively, in the
> heat of passion brought on by the fight, Macker[a]l's words, and his display of the
> bat.  Therefore, the trial court did not abuse its discretion in instructing the jury on
> voluntary manslaughter, and the instruction did not violate defendant's right to due
> process.

(MCOA Op. at 2-3, docket #3-5 at 15-16.)

The state-court determination was neither contrary to nor an unreasonable application

of established Supreme Court precedent.  The Supreme Court has recognized that a defendant's due

process rights may be violated if the jury is instructed on an offense not included in the indictment

and the defendant did not have notice that he might be charged with that offense.  *See Schmuck v.*

*United States*, 489 U.S. 705, 717-18 (1989); *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000).

However, an instruction on a lesser included offense may be given notwithstanding a defendant's

objection, because notice of the greater offense provides sufficient notice to the defendant that he may have to defend against the lesser charge. *Seymour*, 224 F.3d at 558 (citing cases); *see also United States v. Dunn*, 269 F. App'x 567, 576 (6th Cir. 2008). After thorough analysis, the Michigan Supreme Court has squarely determined that voluntary manslaughter is a lesser included offense of murder because its elements "are completely subsumed in the greater offense." *People v. Mendoza*, 664 N.W.2d 685, 692 (Mich. 2003). "[T]he elements of voluntary manslaughter are included in murder, with murder possessing the single additional element of malice." *Id.*; *see also* MICH. COMP. LAWS § 768.32(1) (permitting a judge or jury to find an accused guilty of an offense inferior to that charged in the indictment). The Michigan Supreme Court further concluded that its decision was fully consistent with early Michigan common law. *Mendoza*, 664 N.W.2d at 693-94. The federal courts "may not second-guess a state court's decision as to what constitutes an element of a crime under a state statute." *Seymour*, 224 F.3d at 558 (citing *Schad v. Arizona*, 501 U.S. 624, 636-37 (1991)).

Further, the state court's finding that sufficient facts supported voluntary manslaughter entirely reasonable. As the Michigan Court of Appeals held, regardless of whether Petitioner was angry, a contention he denied, or merely afraid or acting impulsively, the jury had sufficient evidence to conclude that he acted out of passion rather than reason in firing the gun. Indeed, applying federal common law consistent with early Michigan common law, the United States Supreme Court long ago recognized that an instruction of voluntary manslaughter was properly given over a defendant's objection where, as here, the accused is defending a murder charge on the grounds of self-defense. *See Stevenson v. United States*, 162 U.S. 313, 322 (1896). The Court recognized that the kind of passion necessary to mitigate a murder to voluntary

manslaughter need not be one of anger.  *Id.* (either anger or terror are capable of "render[ing] the mind of a person of ordinary temper incapable of cool reflection . . .").

In sum, the state court made reasonable factual findings and properly applied established Supreme Court precedent in determining that Petitioner was not denied due process when the trial court instructed the jury on the lesser included offense of voluntary manslaughter. *See* 28 U.S.C. § 2254(d).

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing

certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of

a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this

Court has examined Petitioner's claim under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to

warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit

its examination to a threshold inquiry into the underlying merit of Petitioner's claim.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal

of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate

of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   June 30, 2009             /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge